UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL ALEXANDER SMITH,<br>Defendant. | Cr. No. ___1:23CR77WES-PAS___<br><br>Violations:<br><br>Count One: Conspiracy to Distribute Fentanyl<br>(21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B)(vi))<br><br>Count Two: Unlicensed Dealing in Firearms<br>(18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)) |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant DANIEL ALEXANDER SMITH ("SMITH") was a resident of Connecticut.

2. In accordance with the provisions of Chapter 44, Title 18, United States Code, the only persons who were authorized to engage in the business of dealing in firearms must have submitted and received a license from the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

3. The ATF was an agency of the United States Government tasked with the responsibility of supervising, controlling, and licensing the sale of firearms.

4. A Federal Firearms Licensee ("FFL") was an individual or entity, who after submitting an application and undergoing an investigation by the ATF, was then granted

a license to sell certain firearms. Federal firearms laws required anyone who was a firearms dealer to obtain a federal firearms license. Private persons could sell firearms without a license provided that they were not engaged in the business of selling firearms, such as the occasional sale of a portion of a personal firearms collections.

5. Defendant DANIEL ALEXANDER SMITH was not licensed under the provisions of Chapter 44, Title 18, United States Code, to engage in the business of dealing in firearms.

## COUNT ONE

6. (Engaging in the Business of Dealing in Firearms Without a License)The Grand Jury realleges and incorporates paragraphs 1-5 above as if fully stated herein.

7. From on or about February 27, 2023, and continuing until on or about May 10, 2023, defendant DANIEL ALEXANDER SMITH sold several firearms, to include: a High Standard revolver, serial number 871424; a Glock 26 semi-automatic pistol, serial number XYH309; a Century Arms AK-47 rifle, serial number SV7115392; a Taurus PT111 9mm handgun, serial number TIX34540; an FN Tactical Model 502 .22 caliber pistol, serial number LR028130; a Glock 19x 9mm pistol, serial number BRYV622; a High Standard M200 20 gauge shotgun, serial number 118090; and ammunition to a third party for profit.

8. From on or about February 27, 2023, through on or about May 10, 2023, in the Districts of Rhode Island and Connecticut and elsewhere, defendant

DANIEL ALEXANDER SMITH,

1. not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18,

United States Code, did willfully engage in the business of dealing firearms,

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT TWO

(Conspiracy to Distribute 40 Grams or More of Fentanyl)

Beginning on a date unknown to the Grand Jury, but not later than on or about March 30, 2023, and continuing until on or about May 10, 2023, in the District of Rhode Island, the District of Connecticut, and elsewhere, the defendant,

DANIEL ALEXANDER SMITH,

did combine, conspire, confederate, and agree with a person known to the Grand Jury, to knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N1 – (2-phenylethyl) -4- piperidinyl) propanmide, also known as "fentanyl," a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

It is further alleged that with respect to defendant DANIEL ALEXANDER SMITH, the amount of fentanyl involved in the conspiracy attributable to DANIEL ALEXANDER SMITH, as a result of his individual conduct and the conduct of his coconspirator, reasonably foreseeable to him, is 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N1 – (2-phenylethyl) -4- piperidinyl) propanmide, also known as "fentanyl," a Schedule II controlled substance.

Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii) is applicable to this Count.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(B)(vi).

A TRUE BILL:

*[signature redacted]*

Grand Jury Foreperson

ZACHARY A. CUNHA
United States Attorney

*/s/ Julie M. White*
JULIE M. WHITE
Assistant U.S. Attorney

*/s/ Lee Vilker*
LEE H. VILKER
Assistant U.S. Attorney
Criminal Division Chief

Date: 9/20/23